IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS & STEAMFITTERS LOCAL 100 OF DALLAS HEALTH & WELFARE FUND; THE U. A. PLUMBERS & STEAMFITTERS 401(k) RETIREMENT PLAN OF TEXAS; THE PLUMBERS & STEAMFITTERS LOCAL 100 OF DALLAS JOINT PLUMBERS APPRENTICE FUND; THE PLUMBERS & STEAMFITTERS LOCAL 100 OF DALLAS INDUSTRY FUND; THE PLUMBERS & STEAMFITTERS LOCAL 100 OF DALLAS MARKET RECOVERY FUND; THE PLUMBERS & STEAMFITTERS LOCAL 100 OF DALLAS EDUCATION FUND; INTERNATIONAL TRAINING FUND; AND THE PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:16-cv-713 |
| PLAINTIFFS | §<br>§ | |
| VS. | §<br>§ | |
| PLUMBER DUDE'S LLC, | §<br>§ | |
| DEFENDANT | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the Plumbers & Steamfitters Local 100 of Dallas Health and Welfare Fund; U. A. Plumbers & Steamfitters 401(k) Retirement Plan of Texas; Plumbers & Steamfitters Local 100 of Dallas Joint Plumbers Apprentice Fund; Plumbers & Steamfitters Local 100 of Dallas Industry Fund; Plumbers & Steamfitters Local 100 of Dallas Market Recovery Fund; and the Plumbers & Steamfitters Local 100 of Dallas Education Fund, hereinafter referred to as "Local 100 Plans" and the Trustees of the Plumbers & Pipefitters National Pension Fund; and

International Training Fund, hereinafter referred to as "National Plans" and collectively referred to as Plaintiffs, or "Benefit Funds," complaining of and against Plumber Dude's LLC, hereinafter referred to as Defendant, file this cause of action and respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a cause of action for the collection of certain principal sums, interest and fees, by the respective Boards of Trustees of various employee pension and welfare benefit plans to secure performance by an employer for specific statutory and contractual obligations to submit contribution reports and to pay delinquent employer contribution payments, interest and fees thereon.   This Complaint alleges that by failing, refusing or neglecting to submit contributions reports and to pay delinquent employer contributions and interest thereon to the Plaintiffs' Benefit Funds, Defendant violated the Collective Bargaining Agreement, the Benefit Funds' participation and trust agreements, and the Employee Retirement Income Security Act of 1974, as amended. The Plaintiffs also request a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit delinquent employer contribution reports and to pay delinquent employer contributions to the Benefit Funds in order to prevent irreparable harm to the Benefit Funds and Plumber Dude's LLC's employees and their dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq*.), hereinafter called the "LMRA."   Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sections 1132 and 1145, as amended, and by the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208, 29 U.S.C. Sections 1132 and 1145.   Jurisdiction is further conferred upon this Court pursuant to 28

U.S.C. Section 1331 based upon a federal question.    Jurisdiction is further conferred on this Court

under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating

commerce.   Defendant has availed itself upon the jurisdiction of this Court by working and doing

business within the jurisdiction of this Court and the jurisdiction of Plaintiffs' Collective

Bargaining Agreement with Defendant.

2.       Venue properly lies within the Eastern District of Texas, Sherman Division,

pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132(e)(2).   Service of process may

be made on Defendant in any other district in which it may be found under ERISA Section

502(e)(2), 29 U.S.C. Section 1132(e)(2).

3.       Plaintiffs are fiduciaries of employee welfare and pension benefit plans and

employee benefit plans within the meaning of Sections 3(1) (2) and (3) and 502(d)(1) of ERISA,

29 U.S.C. Sections 1002(1), (2) and (3) and 1132(d)(1), and are multi-employer plans within the

meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. Sections 1002(37) and 1145.   Plaintiffs

are authorized to maintain suit as independent legal entities under ERISA Section 502(d)(1), 29

U.S.C. Section 1132(d) (1).   The purpose of the Benefit Funds is to provide health and welfare

and pension benefits to eligible participants and their dependents and beneficiaries on whose

behalf employers contribute pursuant to a Collective Bargaining Agreement between the Plumbers

& Steamfitters Local 100 of Dallas and the Mechanical Contractors Association of Dallas.   The

Local 100 Plans maintain their office and are administered at AmeriBen/IEC Group, P. O. Box

860007, Plano, Texas 75086-0007.   The National Plans maintain their offices and are

administered at 103 Oronoco, Alexandria, Virginia 22314.

4.       Defendant, Plumber Dude's LLC, was, and is now, a limited liability company

authorized to do business in the State of Texas.

5.      Defendant is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act and may be reached for service of process by serving its Registered Agent, the United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

## FACTS

6.      Defendant executed and delivered to Plaintiffs a written Agreement with Local Union No. 100 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, affiliated with AFL-CIO ("Local 100"), wherein Defendant promised to comply with the terms and conditions as set forth therein.   The negotiated contract between the Local 100 and Defendant provides for certain monetary employer contributions being paid into Plaintiffs' Benefit Funds, as third party beneficiary, on behalf of Defendant's employees working in covered employment within the jurisdiction of Plaintiffs' Trust Funds as more specifically set forth in the respective Declarations of Trust and all amendments thereto.

7.      The Benefit Funds named herein are express trusts created pursuant to a valid Collective Bargaining Agreement between Local 100 as Union, and the Mechanical Contractors Association of Dallas in the plumbing, pipefitting, and steamfitting industry within the jurisdiction of Plaintiffs, as employer.   The Benefit Funds were created and now exist subject to the provisions of Section 302, LMRA, 29 U.S.C. Section 186.

8.      The Benefit Fund's Trust Agreements provide for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees at any reasonable time.

9.      By these agreements, Defendant promised that in the event any of the monthly contributions were not paid when due, Defendant would pay Plaintiffs on account of each delinquency a sum designated as liquidated damages, and not as a penalty.

10.     That by the terms of the Trust Agreements for Plaintiffs' Benefit Funds and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which they were operating or working.  That further, Defendant agreed to deposit pension, health and welfare, apprenticeship, education, defined contribution, industry and market recovery contributions each month, or at such regular intervals as may be determined by the Trustees of the Benefit Funds to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

11.     Defendant has breached the above-mentioned and referenced agreements by refusing to comply adequately with the terms and provisions of those agreements, in which Defendant failed to pay employer contribution since at least April 2016 prompting and authorizing an audit to be made by Plaintiffs of Defendant's wage and payroll records.

12.     That at all times mentioned herein, it was, and now is, impracticable and extremely difficult to establish the amount of actual damages to Plaintiffs as the result of nonpayment of contributions.  The amount agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to Plaintiffs by the nonpayment of contributions.

13.     That Defendant has breached its agreement with Plaintiffs by failing to make requisite payments of monthly employer contributions to Plaintiffs' Trust Funds, such breach is

believed to have occurred beginning in or before April 2016 through the present.  In order to adequately determine or confirm the accuracy of the amount of contributions due and owing Plaintiff's Trust Funds, an audit of Defendant's wage and payroll records is necessary.  That in accordance with the exercise of their fiduciary duties required by federal statutory and state common law, the Trustees requested and subsequently demanded Defendants to remit reporting forms and employer contributions for the periods requested at least for the period April 2016 through July 2016.  As a result of such failure and refusal and in order to ascertain if employees covered by Defendants are being properly reported and contributions paid in accord with the above-referred agreements, a payroll audit is necessary.  Without access to the compensation records, the Trustees are unable to determine the fact of proper payment, since reporting is based solely on the employers' statement.  Without access to the compensation records the Trustees have no quick, economical or efficient method to determine if the reported sums are correct and would be required to go to great expense to otherwise verify the reports.

14.     The Defendant has thwarted the Trustees in the exercise and performance of their duties which may subject the Trustees to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable and speculative, leading to irreparable damages.

15.     That Plaintiffs have no complete and adequate remedy at law to correct the breach of the Collective Bargaining Agreement by Defendant and there is no other adequate method by which Plaintiffs can ascertain whether Defendant is properly and in good faith paying all of those sums of money due to Plaintiffs under the terms of the aforementioned agreements, other than by an audit entry to inspect and copy all relevant compensation records in order to perform a complete audit.  Plaintiffs respectfully request this Court enter an Order allowing Plaintiffs to conduct an

audit of Defendant's books and records, and any other records necessary for an adequate determination of proper payment, by an auditor to be selected by Plaintiffs.

16.     Further, Plaintiffs respectfully request that this Court order Defendant to pay to Plaintiffs a sum of money equal to the reasonable fee of the payroll auditor who will be conducting the audit.

17.     Plaintiffs would further show that several demands have been made on Defendant to pay the delinquent employer contributions under to the agreements above-referred to, but the Defendant has wholly failed to make such payment and is additionally liable thereunder for continued delinquent employer contributions plus liquidated damages, interest and attorney's fees, as hereinafter alleged.

18.     That for Plumbers & Steamfitters Local 100 of Dallas Health and Welfare Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed eighteen percent (18%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs

19.     That for U. A. Plumbers & Steamfitters 401(k) Retirement Plan of Texas, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed twelve percent (12%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

20.     That for Plumbers & Steamfitters Local 100 of Dallas Joint Plumbers Apprentice Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed eighteen percent (18%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

21.     That for Plumbers & Steamfitters Local 100 of Dallas Industry Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed eighteen percent (18%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

22.     That for Plumbers & Steamfitters Local 100 of Dallas Market Recovery Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed eighteen percent (18%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

23.     That for Plumbers & Steamfitters Local 100 of Dallas Education Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed eighteen percent (18%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the

amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

24.     That for Plumbers & Pipefitters National Pension Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed twelve percent (12%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed ten percent (10%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

25.     That for International Training Fund, under the agreements as referred to herein above and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to interest at the rate not to exceed twelve percent (12%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

## SECOND COUNT

## CLAIM FOR INJUNCTIVE RELIEF

26.     Defendant, since initial participation in Plaintiffs' Benefit Funds, has repeatedly submitted untimely contribution reports only after numerous demands for payments and threats of litigation have been made by Plaintiffs.

27.     By failing, neglecting or refusing to submit required contributions and reports to Plaintiffs, Defendant has violated Section 515 of ERISA [29 U.S.C. Section 1145] as well as the Benefit Funds' Participation Agreements and Trust Agreements, which are enforceable under Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

28.     The Health and Welfare Fund depends on receipt of current employer contributions and investment income thereon to meet its premium obligations under the Plan.   The Health and Welfare Fund expected and relied on receipt of contributions from the Defendant in undertaking financial commitments, including the obligation to pay benefits to Defendant's employees and their dependents and other Plan participants and dependents not working for the Defendant but working for other employers within the Plan.   The loss of this expected income has caused the Health and Welfare Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

29.     The Board of Trustees has been reluctant to cut off the benefits to Defendant's innocent employees who are Plan participants and their dependents, in consideration of the distress such action would cause them and their families, and of the promises of imminent payment by Defendant.   However, the Health and Welfare Fund can no longer afford to continue providing benefit coverage to Defendant's employees and dependents without receipt of all due contributions and the Board of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

30.     Defendant's actions have caused irreparable harm to their employees and their dependents in that, if the Board of Trustees is compelled to expel Defendant from participation in the Health and Welfare Fund and/or withholds eligibility and benefits to Defendant's employees and their dependents, irreparable harm will result in that the employees and their dependents will immediately lose their benefits under the Health and Welfare Plan.

31.     The plan participants of Plaintiff 401(k) Retirement Plan depend upon receipt of current employer contributions in order maintain their individual accounts for investment in the various investment options provided by the Trustees.   Without the employer contributions, the

plan participants will not receive all the potential investment income attributed to the hours worked by the participants. The harm done to each affected plan participant may be incalculable based upon the market conditions and lost investment opportunity.

32. Plaintiff Pension Fund depends on receipt of current employer contributions in order to meet or exceed its actuarial valuations while investing such sums with money managers for the sole and exclusive benefit of the Plan's participants and beneficiaries. Without such contributions, the Plan suffers the loss of principal and accrued interest income that has a direct impact upon the soundness of the Pension Plan. As a defined benefit plan, only strict compliance with the contribution requirements of the employers will enable the Plan to meet its actuarial assumptions to provide the plan participants and their beneficiaries with pension income relied upon over the years of faithful service. The loss of this expected income has caused, and will continue to cause, the Pension Plan irreparable harm that cannot be accurately calculated until audit.

33. Plaintiff Apprentice Fund depends upon receipt of current employer contributions in order maintain the quality of apprentice training and journeyman upgrading skills of plumbers, pipefitters and steamfitters. Without the employer contributions, the Apprentice Fund will not receive all the potential investment income attributed to the hours worked by the participant. The harm done to the Apprentice Fund may cause the educational programs to suffer, which could have an adverse affect upon the health and safety of its participants and those who work with them.

34. There exist no prompt or adequate remedies at law to redress the violation of ERISA as set forth herein above.

35. It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP for the purpose of recovering the contributions and damages required by the above-referenced

11

agreements and seeking injunctive relief, and Plaintiffs are entitled to actual attorney's fees in connection therewith.  In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

36.    Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

37.    A true copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiffs have judgment of and against Defendant as follows:

a.    Wherein the Court specifically orders an audit to be conducted of Defendant's wage and payroll records by Plaintiffs' Fund Auditor at the sole expense of Defendant;

b.    That upon final accounting, Plaintiffs recover of and against Defendant the full amount due and owing each of the Plaintiff Trust Funds;

c.    That Plaintiffs be awarded accrued prejudgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

d.    That Plaintiffs be awarded liquidated damages not to exceed the amounts stated above on all employer contributions now due and that accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and contract;

e.    That a preliminary injunction be ordered requiring submission of all employer contributions and delinquent employer contributions now due to the Benefit Funds immediately;

f.      That an Order permanently enjoining Defendant and its agents, members, managers, officers, successors and assigns, for so long as Defendant remains obligated to contribute to Plaintiffs' Benefit Funds, from failing, refusing or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

g.      That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

h.      That Plaintiffs be awarded all costs of Court incurred herein; and

i.      That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

/s/    Douglas M. Selwyn

Douglas M. Selwyn
State Bar No. 18022250
1001 McKinney Street, Suite 550
Houston, Texas 77002
Telephone:    (713) 650-3850
Facsimile:    (713) 650-3851
dselwyn@cwlaw.com

ATTORNEYS IN CHARGE FOR PLAINTIFFS

OF COUNSEL:

CONNER & WINTERS, LLP
1001 McKinney Street, Suite 550
Houston, Texas 77002